**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RONALD KIPPS,** | : | |
| **Appellant,** | : | **CIVIL ACTION NO. 22-0898** |
| **v.** | : | **(JUDGE MANNION)** |
| **MARGARET STINCAVAGE-KIPPS,** | : | |
| | : | |
| **Appellee.** | : | |
| | : | |

## MEMORANDUM

Appellant Ronald Kipps, Chapter 13 Debtor, appeals an order of the Bankruptcy Court denying his motion for reconsideration. (Doc. 1). In that motion he asked the Bankruptcy Court to reconsider its previous order granting Appellee Margaret Stincavage-Kipps's motion for summary judgment of Appellant's claims against her in an adversary complaint. This Appeal requires the court determine whether the Bankruptcy Court abused its discretion when it found Appellant failed to demonstrate clear error of law or fact or need to prevent manifest injustice with regard to its order granting summary judgment. Since the court does not detect any error in the record below, the order of the Bankruptcy Court will be **AFFIRMED,** and Appellant's Appeal will be **DENIED.**

## I.   <u>BACKGROUND</u>

The parties are familiar with the background of this case, having delineated it well in their briefs to the court. (Docs. 5 & 6). The pertinent background for this appeal is straightforward. Appellant filed an adversary complaint alleging two counts of violation of the automatic stay by his ex-spouse, the Appellee. Appellant alleged two incidents violated the automatic stay: (1) Appellee, pre-petition, caused Appellant's bank accounts to be frozen and, post-petition, refused to release the accounts; and (2) a state court in a divorce proceeding between Appellant and Appellee held a post-petition hearing, ordered certain deeds be executed to transfer ownership of property from Appellant to Appellee based on a 2017 state court property distribution order, and held post-petition contempt proceedings related to Appellant's failure to comply with that order.

Appellee moved for summary judgment. She argued there was no violation of the automatic stay because there is no obligation to release a pre-petition levy. She argued further that she could not be found to have willfully violated the automatic stay where the state court specifically found that the stay did not apply to the specific proceedings. The Bankruptcy Court agreed and entered judgment on all counts in favor of Appellee. Appellant filed a motion for reconsideration, essentially making the same arguments

he made in opposing summary judgment. Finding no clear error of law or fact or need to correct a manifest injustice, the Bankruptcy Court denied the motion for reconsideration. Appellant timely appealed that order. (Doc. 1-1).

## II.   STANDARD OF REVIEW

This court has appellate jurisdiction over the Appellant's appeal of the Bankruptcy Court's order pursuant to 28 U.S.C. §158(a)(1) (The district court has "jurisdiction to hear appeals from final judgments, orders, and decrees" of a bankruptcy court). *See In re Michael*, 699 F.3d 305, 308 n.2 (3d Cir. 2012) ("[A] district court sits as an appellate court to review a bankruptcy court."). When a district court sits as an appellate court over a final order of a bankruptcy court, it reviews the bankruptcy court's legal determinations *de novo*, its findings of fact for clear error, and its exercise of discretion for abuse of discretion. *In re Trans World Airlines, Inc.*, 145 F.3d 124, 131 (3d Cir. 1998).

The scope of the court's review is limited to the Bankruptcy Court's June 6, 2022, order denying reconsideration and does not extend to the Bankruptcy Court's underlying order regarding summary judgment, which Appellant has not appealed. The Bankruptcy Court's denial of reconsideration is reviewed for abuse of discretion. *See McDowell v.*

*Philadelphia Hous. Auth.*, 423 F.3d 233, 238 (3d Cir. 2005) (denial of Rule 59(e) motion reviewed for abuse of discretion). A court abuses its discretion when it "bases its opinion on a clearly erroneous finding of fact, an erroneous legal conclusion, or an improper application of law to fact." *Prosser v. Gerber (In re Prosser)*, 777 F.3d 154, 161 (3d Cir. 2015) (internal quotation marks omitted). As a result, "[u]nder the deferential abuse of discretion standard," the bankruptcy court's decision is only reversed when it "is arbitrary, fanciful, or clearly unreasonable—in short, where no reasonable person would adopt the [bankruptcy] court's view." *In re VistaCare Grp., LLC*, 678 F.3d 218, 232 (3d Cir. 2012) (internal quotation marks omitted).

## III.   DISCUSSION

Rule 59 of the Federal Rules of Civil Procedure—incorporated into Rule 9023 of the Federal Rules of Bankruptcy Procedure—permits a party to move the Bankruptcy Court to reconsider an order it issued. Motions to reconsider exist, in relevant part, to "correct a clear error of law or fact or to prevent manifest injustice." *See In re Energy Future Holdings Corp.*, 904 F.3d 298, 311 (3d Cir. 2018).

The Third Circuit has "never adopted strict or precise definitions for 'clear error of law or fact' and 'manifest injustice' in the context of a motion

for reconsideration," but the Court has "suggested that there is substantial, if not complete, overlap between the two concepts." *Id.* (citation omitted). Essentially, the reconsideration standard requires the moving party to "show more than mere disagreement with the earlier ruling; [he] must show that the Bankruptcy Court committed a 'direct, obvious, [or] observable error[.]'" *Id.* at 312 (quoting *Manifest Injustice*, Black's Law Dictionary (10th ed. 2014)).

Here, the Bankruptcy Court did not abuse its discretion when it found Appellant had not shown error in its summary judgment ruling. It cannot be said "no reasonable person would adopt the [bankruptcy] court's view," *VistaCare*, 678 F.3d at 232, because the Bankruptcy Court's view of the relevant law was correct. Appellant claimed error in the Bankruptcy Court's summary judgment ruling on three grounds, each of which the Bankruptcy Court disagreed with based on good case law and valid reasoning.[1]

First, Appellant argued the post-petition transfer of the deeds pursuant to the state court divorce equitable distribution order was a violation of the automatic stay because the underlying property was property of the bankruptcy estate. The Bankruptcy Court found no legal error in its holding

---

[1] Appellant also argues on appeal that Appellee committed a willful violation of the automatic stay by failing to release frozen funds, which were property of the estate. This was not one of the grounds on which Appellant asserted error in his motion for reconsideration. Thus, the court will not reach this argument.

that the execution of the deeds was a ministerial act, which was not barred by the automatic stay. (Doc. 1-1 at 5). Appellant argues on appeal that the Bankruptcy Court failed to analyze this question of law in its orders granting summary judgment and denying reconsideration. (Doc. 5 at 20). But the Bankruptcy Court did analyze this question of law on pages 18 through 20 of its order granting summary judgment, (Doc. 9-21), and on pages 4 and 5 of its order denying reconsideration, (Doc. 101). The Bankruptcy Court agreed with the state court's reliance on *In re Rugroden*, 481 B.R. 69, 78 (Bankr. N.D. Cal. 2012), in finding that the automatic stay does not apply to ministerial acts like execution of a deed pursuant to a court order from years prior. This finding was not legal error; thus, the Bankruptcy Court did not err in denying reconsideration on this ground.

Second, Appellant argued the Bankruptcy Court improperly applied the issue of the state court's concurrent jurisdiction. The Bankruptcy Court found no legal error in its holding that the state court had concurrent jurisdiction to determine the applicability of the automatic stay imposed under 11 U.S.C. §362. Appellant argues on appeal that "[t]he misapplication of law was made when Judge Conway relied on the State Court's holding that the property at issue was not property of the Estate in his order" denying reconsideration. (Doc. 5 at 15). The problem with this reliance, according to Appellant, is "[t]he

- 6 -

State Court does not have jurisdiction to determine what is property of the estate or to dispose of property of the estate in violation of the automatic stay[.]" (Doc. 6 at 15).

However, the Bankruptcy Court did not "rely" on the state court finding regarding estate property. Rather, a review of the record below makes clear the Bankruptcy Court simply reviewed the state court's findings and, based on its own review of "the facts of this case," agreed. (Doc. 1-1 at 6). The Bankruptcy Court's agreement with the state court's finding that the property at issue was not property of the estate was not error. Rather, the Bankruptcy Court's agreement was supported by good case law. Specifically, the Bankruptcy Court cited *Nichols*, in which the court found that the filing of a Chapter 13 petition after a state court entered a property distribution order in a pending divorce did not put the property "up for grabs" again. *In re Nichols*, 305 B.R. 418, 424–25 (Bankr. M.D. Pa. 2004). Thus, the Bankruptcy Court did not err in denying reconsideration on this ground.

Third, Appellant argued the state court contempt proceeding was a violation of the automatic stay. The Bankruptcy Court found no legal error in its "totality of the circumstances" analysis finding no violation of the automatic stay on this ground. (Doc. 1-1 at 6). Appellant argues on appeal that the Bankruptcy Court committed an error of law because it did not acknowledge

the fact that the contempt proceeding was really a civil, not criminal, contempt proceeding, which is subject to the automatic stay. (Doc. 5 at 34). But the Bankruptcy Court conducted a thorough analysis of the totality of the circumstances surrounding the contempt proceeding and determined it did not violate the automatic stay because it was a criminal contempt proceeding. The upshot of the Bankruptcy Court's analysis was that the contempt proceeding was criminal in nature because it was meant to address Appellant's course of conduct which attacked the dignity and integrity of the court's property distribution order. The Bankruptcy court rested its holding on well-established case law holding that sort of contempt proceeding may be properly classified as "criminal." (*See* Doc. 9-21 at 21–22) (collecting cases). Appellant's motion for reconsideration before the Bankruptcy Court did not contain any new legal argument to alter the Court's findings; thus, the Bankruptcy Court did not err when it denied reconsideration of its holding.

In sum, a review of the record below reveals the Bankruptcy Court did not abuse its discretion when it denied Appellant's motion for reconsideration. Rather than containing a clear error of law, the Bankruptcy Court's summary judgment order rested on good case law and sound reasoning. The Bankruptcy Court was well within its discretion when it denied

reconsideration of that order, especially when Appellant's motion merely recited the same arguments raised in opposition to summary judgment.

## IV.   CONCLUSION

In light of the foregoing, and based on a thorough review of the record below, the court will **AFFIRM** the Bankruptcy Court's order denying reconsideration and **DENY** Appellant's Appeal. An appropriate order follows.


*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: June 26, 2023**
22-0898-01

- 9 -